# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TINA PEREZ, et al., | CASE NO. 1:10-cv-01094-AWI-SKO |
| Plaintiffs, | **ORDER DENYING STIPULATED REQUEST TO CONTINUE THE DISPOSITIVE MOTION FILING DEADLINE, THE PRE-TRIAL CONFERENCE DATE, AND THE TRIAL DATE** |
| v. | |
| STATE OF CALIFORNIA, et al., | |
| Defendants. | (Docket No. 38) |

## I. INTRODUCTION

On May 21, 2012, the day prior to the scheduled settlement conference in this action, the parties filed a Stipulation and Proposed Order requesting to continue the settlement conference from May 22, 2012, to July 19, 2012; to continue the dispositive motion filing deadline from June 4, 2012 to August 6, 2012; and to continue the pre-trial conference and trial dates. (Docs. 37, 38.) The Court granted the parties' request to continue the settlement conference only, which has been re-set for July 19, 2012. (Doc. 39.)

1  The Court now considers the parties' request to continue the dispositive motion filing
2 deadline and the pre-trial conference and trial dates.  For the reasons set forth below, the parties'
3 request to continue these dates is DENIED without prejudice to renewing the request.

## II. DISCUSSION

On May 21, 2012, the parties submitted a stipulated request seeking to continue the dispositive motion filing deadline from June 4, 2012, to August 6, 2012, and requesting that the pre-trial conference, currently set for September 6, 2012, and the trial date, currently set for October 30, 2012, also be continued. (Doc. 38.)  As such, the parties proposed modification to the schedule and the existing deadlines are as follows:

| Deadline | Current Deadline | Proposed Deadline |
| --- | --- | --- |
| 1. **Disp. Mot. Filing Deadline** | **June 4, 2012** | **August 6, 2012** |
| 2. **Dispositive Mot. Hearing** | **July 16, 2012** | **none proposed** |
| 3. **Pre-trial Conference** | **September 6, 2012** | **none proposed** |
| 4. **Trial** | **October 30, 2012** | **none proposed** |

Although the parties requested that the pre-trial conference and the trial date be continued, no specific dates were proposed. (Doc. 38.)  Further, no date was proposed for the dispositive motion hearing, which is currently scheduled to take place prior to the requested dispositive motion filing date.

Federal Rule of Civil Procedure 16(b)(4) requires that "[a] schedule may be modified only for *good cause* and with the judge's consent." Fed. R. Civ. P. 16(b)(4) (emphasis added).  To establish "good cause," parties seeking modification of a scheduling order must generally show that, even with the exercise of due diligence, they could not meet the timetable set by the court. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir.1992).  Additionally, this Court's scheduling order states that the schedule dates are "firm and will not be modified absent a showing of good cause even if the request to modify is made by stipulation.  Stipulations extending the deadlines contained herein will not be considered unless they are accompanied by affidavits or declarations, and where appropriate, attached exhibits, which establish good cause for granting the relief requested." (Doc. 16, 7:21-25 (emphasis omitted).)

2

Here, the parties indicate that they are requesting a continuance because "Plaintiffs' counsel has lost contact with his clients." (Doc. 38, 1:25.) The parties failed to provide any affidavits or declarations to establish good cause for the continuance and to show that they were diligent in their attempts to meet the timetable set by the Court.

The parties' failure to establish good cause and exhibit diligence is especially troubling in light of the fact that the parties requested the continuance the day before the scheduled settlement conference and only two weeks before the dispositive motion filing date, without any explanation for the delay. (Doc. 38.) Further, stipulated modifications to the schedule have been previously granted twice in this action – on September 20, 2011, and on December 22, 2011. (Docs. 21, 26.) The parties have not shown why they could not meet the deadlines they requested.

Accordingly, the parties' stipulated request to modify the schedule is DENIED without prejudice. The parties may renew their request for modification. They must, however, provide affidavits or declarations as required in this Court's scheduling order to establish good cause and diligence in pursuing this action. (*See* Doc. 16, 7:21-25; *see also Johnson*, 975 F.2d at 609.)

Additionally, although the parties' request provided a proposed date for the dispositive motion filing deadline, the parties failed to propose new dates for the dispositive motion hearing, the pre-trial conference, and the trial. If the parties seek to renew their request to modify the schedule, they should submit proposed dates. These dates should provide the Court sufficient time to rule on any filed motions, i.e., for Chief District Judge Anthony W. Ishii, the pre-trial conference should be scheduled at least seven (7) weeks after the dispositive motion hearing date, and the trial date should be scheduled at least eight (8) weeks after the pre-trial conference.

### III.   CONCLUSION AND ORDER

Accordingly, IT IS HEREBY ORDERED that:

1. The parties' stipulated request to continue the dispositive motion filing deadline, the pre-trial conference date, and the trial date is DENIED without prejudice; and

///

///

2. The parties may file a renewed request to modify the schedule that complies with the guidelines set forth above.

IT IS SO ORDERED.

**Dated:   May 22, 2012**                                   /s/ Sheila K. Oberto
                                                    UNITED STATES MAGISTRATE JUDGE